No. 20-16276

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

ANGEL ZEPEDA RIVAS, et al.

*Plaintiffs-Appellees,*

v.

DAVID JENNINGS, et al.

*Defendants-Appellants.*

On Appeal from the United States District Court
For the Northern District of California
No. 3:20-cv-02731
Hon. Vince Chhabria

**MOTION TO STAY PROCEEDINGS PENDING DECISION IN HERNANDEZ ROMAN, ET AL. V. WOLF, ET AL., CASE NOS. 20-55436, 20-55662**

**AND**

**ALTERNATIVE MOTION FOR 30-DAY EXTENSION OF TIME TO FILE ANSWERING BRIEF**

| | |
|---|---|
| SEAN RIORDAN | GENNA ELLIS BEIER |
| sriordan@aclunc.org | genna.beier@sfgov.org |
| WILLIAM S. FREEMAN | EMILOU H. MACLEAN |
| wfreeman@aclunc.org | emilou.maclean@sfgov.org |
| ANGÉLICA SALCEDA | FRANCISCO UGARTE |
| asalceda@aclunc.org | francisco.ugarte@sfgov.org |
| AMERICAN CIVIL LIBERTIES UNION FOUNDATION OF NORTHERN CALIFORNIA | OFFICE OF THE PUBLIC DEFENDER SAN FRANCISCO |
| 39 Drumm Street | 555 Seventh Street |
| San Francisco, CA 94111 | San Francisco, CA 94103 |
| Telephone: (415) 621-2493 | Direct: (415) 553-9319 |
| Facsimile: (415) 255-8437 | Facsimile: (415) 553-9810 |

*Counsel for Plaintiffs-Appellees*

1

BREE BERNWANGER*
bbernwanger@lccrsf.org
LAWYERS' COMMITTEE FOR
CIVIL RIGHTS OF
SAN FRANCISCO BAY AREA
131 Steuart St #400
San Francisco, CA 94105
Telephone: (415) 814-7631

JUDAH LAKIN
judah@lakinwille.com
AMALIA WILLE
amalia@lakinwille.com
LAKIN & WILLE LLP
1939 Harrison Street, Suite 420
Oakland, CA 94612
Telephone: (510) 379-9216
Facsimile: (510) 379-9219

JORDAN WELLS
jwells@aclusocal.org
STEPHANIE PADILLA
spadilla@aclusocal.org
AMERICAN CIVIL LIBERTIES
UNION  FOUNDATION OF
SOUTHERN CALIFORNIA 1313
West Eighth Street
Los Angeles, CA 90017
Telephone: (213) 977-9500
Facsimile: (213) 977-5297

MARTIN S. SCHENKER
mschenker@cooley.com
JEFF GUTKIN
jgutkin@cooley.com
COOLEY LLP
101 California Street, 5th Floor
San Francisco, CA  94111
Telephone: (415) 693-2000
Facsimile: (415) 693-2222

*Counsel for Plaintiffs-Appellees*
*Admission before this Court currently pending

Appellees respectfully request that the Court stay further briefing and the hearing of this appeal until the Court issues a decision in *Hernandez Roman, et al. v. Wolf, et al.*, Case No. 20-55436 & Case No. 20-55662. As a comparison of the Appellants' opening briefs in both cases makes plain, the government is raising substantially similar legal issues in both cases. *Hernandez Roman* is scheduled for argument on September 15, 2020, and a decision is expected promptly, as the Court has ordered that *Hernandez Roman* be expedited. Because the ruling in *Hernandez Roman* is exceedingly likely to bear on the issues on appeal in this case in one form or another, a stay of briefing pending a decision in *Hernandez Roman* will preserve judicial and party resources.

In the alternative, Appellees request a 30-day extension of time to file their answering brief, such that the brief would be due September 23, 2020.

Appellants are opposed to a stay and to the briefing extension request.

### BRIEF PROCEDURAL BACKGROUND

Both *Hernandez Roman* and the instant case are appeals of district court orders granting preliminary relief in class actions regarding the legality and conditions at immigration detention facilities in California during the COVID-19 pandemic.

***Hernandez Roman***. *Hernandez Roman* originated as a habeas class action filed in the Central District of California on behalf of noncitizens detained by the U.S. Immigration and Customs Enforcement ("ICE") in the Adelanto Processing Center, alleging that their conditions of confinement violated their substantive due process rights. On April 23, 2020, the district court certified a class of current and

1

future Adelanto immigration detainees, and issued a preliminary injunction requiring, *inter alia*, a reduction in the Adelanto population and social distancing within the facility. *See* Opening Brief, *Hernandez Roman*, Case No. 20-55436, Docket Entry No. 20 at 8-10. The next day, the government moved this Court to stay the district court's preliminary injunction, first by seeking an administrative stay and later by requesting a full-scale emergency stay pending appeal. *Hernandez Roman*, Case No. 20-55436, Docket Entry Nos. 3, 7. On April 25, 2020, this Court granted the government's motion for an administrative stay of the injunction, and on May 5, 2020, this Court issued an order staying almost the entirety of the district court's preliminary injunction pending appeal. *See Hernandez Roman*, Case No. 20-55436, Docket Entry Nos. 5, 17. Briefing in the government's appeal of the *Hernandez Roman* class certification and preliminary injunction orders concluded on July 10, 2020. *See generally* Case Docket, Case No. 20-55436.

On June 17, 2020 and June 19, 2020, the district court in *Hernandez Roman* issued orders providing for a class-wide bail process, to assess each class member individually for release on bail pending the outcome of the petition for writ of habeas corpus. *See Hernandez Roman*, Case No. 20-55662, Docket Entry No. 5. The government immediately appealed those orders to this Court, and once again filed an emergency motion for an administrative stay, which this Court granted on July 1, 2020. *Hernandez Roman*, Case No. 20-55662, Docket Entry No. 5. However, on July 8, 2020, after further consideration, this Court denied the government's motion to stay the district court's June 17, 2020 and June 19, 2020 orders pending appeal. *Id*. Docket Entry No. 9. In the order denying the

2

government's stay pending appeal, this Court sua sponte consolidated the *Hernandez Roman* preliminary injunction appeal and the *Hernandez Roman* bail process appeal, and sua sponte expedited the briefing and hearing of the consolidated appeals. *Id.* The briefing in Case No. 20-55662 will conclude on August 17, 2020, and oral argument on the consolidated appeals has been scheduled for September 15, 2020.

    *Zepeda Rivas*. The instant case, *Zepeda Rivas*, originated as a petition for a writ of habeas corpus and a class complaint for injunctive and declaratory relief filed in the Northern District of California on behalf of noncitizens detained by ICE in the Mesa Verde Detention Facility and Yuba County Jail. The complaint alleges that the conditions of confinement violated class members' substantive due process rights. On April 29, 2020, the district court provisionally certified a class of all civil immigration detainees at Mesa Verde Detention Facility and Yuba County Jail and granted a temporary restraining order that ordered the government to provide the court and class counsel with information regarding each detainee at the facilities in order for the court to establish an individualized bail application process to consider whether to release detainees on bail while the case remains pending. *Zepeda Rivas v. Jennings,* No. 20-cv-02731-VC, 2020 WL 2059848, at *3 (N.D. Cal. Apr. 29, 2020). Between May 1 and June 10, 2020 (the date the government filed its notice of appeal in *Zepeda Rivas*), the district court issued 29 bail orders, which ordered the release of 115 detainees. *See* Case No. 20-16276, Docket Entry No. 11-1 (Defendants-Appellants' Excerpts of Record) 9-69. On June 9, 2020, the district court granted a preliminary injunction ordering ICE to

3

"maintain the status quo of safety that currently exists at the facilities," and stated that it would continue to consider individual bail applications for detainees. *Zepeda Rivas v. Jennings*, No. 20-CV-02731-VC, 2020 WL 3055449, at *5 (N.D. Cal. June 9, 2020).

Unlike in *Hernandez-Roman,* the government did not immediately appeal the district court rulings in *Zepeda Rivas*. Instead, on June 29, 2020—61 days[1] after the class was provisionally certified and the individualized bail process established by the district court, and 55 days after the first class member was ordered released on bail—the government filed its notice of appeal in this case. *Zepeda Rivas et al. v. Jennings, et al.*, No. 20-16276, Docket Entry No 1. Unlike in *Hernandez-Roman*, the government has not, at any time, sought a stay, administrative or otherwise, of the district court's rulings from this Court.

On July 27, 2020, Defendants-Appellants filed their opening brief in the instant case. *Zepeda Rivas*, No. 20-16276, Docket Entry No 10. The government's opening brief, which very closely mirrors the opening brief it filed with this Court in its appeal of the preliminary injunction in *Hernandez Roman*, makes clear that the government believes these cases involve numerous overlapping legal issues. In turn, after reviewing the government's briefing, Plaintiffs file this motion to stay further briefing and the hearing of the appeal in *Zepeda Rivas* pending decision in *Hernandez Roman*.

---

[1] 60 days after the order fell on a Sunday.

4

# MOTION TO STAY BRIEFING PENDING DECISION IN *HERNANDEZ ROMAN*

The Ninth Circuit Court of Appeals makes efforts to identify related legal issues among pending cases in order to efficiently manage and decide cases. Indeed, Circuit Rule 28-2.6 requires each party, in its initial brief, to identify any known case that "raise[s] the same or closely related issues." Circuit Rule 28-2.6; *see also* Court Structure and Procedures E(1), Ninth Circuit Rules, Circuit Advisory Committee Notes (describing the inventory process that takes place after briefing is complete that is designed to "balance judges' workloads and hear at a single sitting unrelated appeals involving similar legal issues"). When appeals raise the same issues, "[t]he first panel to whom the issue is submitted has priority." Circuit Advisory Committee Note to Rules 34-1 to 34-3. This Court regularly stays briefing in cases where a related, or potentially controlling, legal issue is likely to be decided by another case. *See, e.g., Martinez-Franco v. Barr*, Case No. 18-72479, Docket Entry No. 13 (sua sponte staying a petition for review pending the Supreme Court's resolution of the petition for writ of certiorari and any subsequent disposition in *Marinelarena v. Barr*, 930 F.3d 1039 (9th Cir. 2019) (en banc)). In addition to conserving the Court's resources, staying briefing pending the outcome of a related case conserves the resources of the litigants, as it can avoid the need for supplemental briefing on the effect of a related case that is decided after briefing has been completed. *See, e.g., Dimaya v. Lynch,* 803 F.3d 1110, 1112 (9th Cir. 2015), *aff'd sub nom. Sessions v. Dimaya,* 138 S. Ct. 1204 (2018) (noting the

court had ordered supplemental briefing following argument in light of intervening authority); *Coomes v. Edmonds Sch. Dist. No. 15*, 816 F.3d 1255, 1265 n. 6 (9th Cir. 2016) (same).

The government makes similar challenges to the district court orders in both *Hernandez Roman* and this case. As a result, it seems highly likely that the *Hernandez Roman* panel's decision will affect the instant case. To what degree, and in what manner, will need to be addressed after both parties, and this Court, have seen the *Hernandez Roman* decision. That is precisely why staying the current proceedings makes sense—it allows both parties, and this Court, the benefit of briefing that takes into account the effect, if any, of the *Hernandez Roman* decision on the instant case. The two cases are not entirely co-extensive, as, to take just one example, the merits of the substantive due process claims in each case turns on conditions at specific ICE detention facilities. Nonetheless, many of the core legal issues that the government challenges are either very similar or identical in the two cases.

The government itself has conceded the relation through its framing of the issues on appeal in both cases. It is unclear why the government did not identify *Hernandez Roman* as a related case in its Statement of Related Cases Pursuant to Ninth Circuit Rule 28-2.6 filed with its opening brief. A comparison of the government's opening briefs in *Hernandez Roman* with its opening brief in the instant case make clear how many of the legal issues overlap. *Compare* Case No. 20-55436, Docket Entry No. 20 and Case No. 20-55662, Docket Entry No. 15 *with* Case No. 20-16276, Docket Entry No. 10. The Table of Contents of the opening

briefs in the appeal of the *Hernandez Roman* preliminary injunction and in this case, are virtually identical, and both cases raise similar legal challenges to the underlying district court orders granting relief to Plaintiffs. The government's opening brief in the appeal of the *Hernandez Roman* bail process orders similarly map to their appeal brief in *Zepeda Rivas*. Just by way of example, the government challenges, in both cases: (1) the use of habeas corpus as a vehicle through which to challenge conditions of confinement, *Compare* Case No. 20-55436, Docket Entry No. 20 at 16-20 *with* Case No. 20-16276, Docket Entry No. 10 at 18-23; (2) the propriety of release as a remedy in challenging conditions of confinements in this circuit, *Compare* Case No. 20-55436, Docket Entry No. 20 at 18-20 *with* Case No. 20-16276, Docket Entry No. 10 at 20-21; and (3) the authority of district courts to order release on bail pending disposition of a habeas petition, *Compare* Case No. 20-55662, Docket Entry No. 15 at 22 *with* Case No. 20-16276, Docket Entry No. 10 at 21, 27. These legal issues are present in both cases, and it seems likely that the *Hernandez Roman* decision, regardless of its outcome, will necessarily bear on this case and the framing of the issues here, despite the different factual records.

     Because *Hernandez Roman* has already been scheduled for argument next month, the *Hernandez Roman* panel will have priority on issues deemed related. *See* Circuit Advisory Committee Note to Rules 34-1 to 34-3. Therefore, it makes sense for both the parties and the Court to consider the instant appeal with the benefit of that decision. Moreover, because *Hernandez Roman* has already been expedited by the Court, staying proceedings will not lead to a lengthy delay in the

disposition of the instant case. If this case is not stayed, the parties would likely need to provide supplemental briefing on the effect of the *Hernandez Roman* decision anyways. Thus, issuing a stay would not meaningfully disrupt the appellate process.

In sum, due to the potentially numerous overlapping issues, it would serve the interests of economy for the Court to stay the instant proceedings and briefing schedule pending a decision in *Hernandez Roman*.

## ALTERNATIVE MOTION FOR 30-DAY EXTENSION OF TIME TO FILE ANSWERING BRIEF

In the alternative, Appellees request a 30-day extension of the time to file their answering brief. Counsel who are responsible for handling this appeal have conflicting work obligations that make meeting the current August 24, 2020 briefing deadline difficult. *See* Exhibit A (Declaration of Judah Lakin). Most critically, undersigned counsel are now engaged in additional litigation in this case due to a recent outbreak of COVID-19 in one of the facilities covered by the district court's injunction. Just yesterday, undersigned counsel moved for a temporary restraining order concerning testing and cohorting protocols, because without them, it appears that the "tinderbox" scenario experts have long warned about will soon come true at Mesa Verde. *See Zepeda Rivas,* 2020 WL 2059848, at *2.*; *Zepeda Rivas*, Case No. 3:20-cv-02731-VC, Docket No. 477 (pending motion for a temporary restraining order). As detailed in the attached declaration, the

8

number of positive tests among both detainees and staff members is rapidly rising and it appears that Defendants/Appellants have no plan in place to deal with this surge.

No previous extension requests have been filed in this case. If the briefing extension is granted, counsel attest that they will file the brief within the time requested and not seek a further extension absent extraordinary circumstances.

## POSITION OF THE GOVERNMENT

On July 31, 2020, counsel for Appellees contacted government counsel to request their position on the instant motions. On August 4, 2020, counsel for the government, Sergio Sarkany, informed Appellees that the government is opposed to both a stay and a briefing extension in this case.

## CONCLUSION

For the reasons set forth above, the court should stay briefing in this case pending the decision in *Hernandez Roman, et al. v. Wolf, et al.*, Case No. 20-55436 & Case No. 20-55662. In the alternative, due to counsel's conflicting work commitments, the court should grant Appellees a 30-day briefing extension, such that their answering brief would be due September 23, 2020.

August 5, 2020          Respectfully Submitted,

                                            s/Amalia Wille
                                            s/Judah Lakin
                                            LAKIN & WILLE LLP

Counsel for Plaintiffs-Appellees

# DECLARATION OF JUDAH LAKIN

I, Judah Lakin, declare as follows:

1. I am a licensed attorney admitted to practice in the State of California and before the United States Court of Appeals for the Ninth Circuit. I am a partner at Lakin & Wille LLP, located at 1939 Harrison Street, Suite 420, Oakland, CA, 94612. I am attorney for the Plaintiffs-Appellees in this matter.

2. I make this declaration in support of Plaintiffs-Appellees' Motion for a 30-Day Extension of Time to File their Answering Brief.

3. The attorneys for Plaintiff-Appellees who are responsible for the Ninth Circuit appeal in this case are currently very busy with emergency fact development and motions before the district court, as well as other pressing litigation matters with upcoming deadlines.

4. In the *Zepeda Rivas* case, over the past month, Defendants-Appellants have reported to Plaintiffs-Appellees that numerous staff members at the Mesa Verde Detention Facility have tested positive for COVID-19. Over the past several days, at least five class members at the Mesa Verde Detention Facility have tested positive for COVID-19, and at least one class member has been hospitalized. These emergency public health and safety-related developments have placed additional, unexpected demands on counsel for

1

Plaintiffs-Appellees. On August 4, 2020, Plaintiffs-Appellees filed a motion for an additional temporary restraining in the district court concerning testing and cohorting protocols at the Mesa Verde Detention Facility. Numerous attorneys who are responsible for the answering brief due at the Ninth Circuit on August 24, 2020, have also been responsible for addressing the ongoing testing and cohorting issues at the facility, which has affected their ability to work on the brief. Counsel also anticipate that this COVID-19-related emergency at Mesa Verde will continue to involve substantial resources over the next several weeks.

5. In addition to addressing the health emergency, William Freeman will be taking a deposition in this case on August 6, and he and Emilou Maclean have been and will continue to review voluminous discovery to prepare for that and other depositions.

6. Outside of the instant litigation, Sean Riordan is working on emergency litigation concerning the use of tear gas by police in a Northern California city. In the next two weeks, Ms. MacLean also has multiple appeal deadlines at the Board of Immigration Appeals for individual clients. Judah Lakin and Amalia Wille are currently preparing two district court filings in other cases that need to be filed during August, one of which includes a motion for a temporary restraining order. During the month of August, Jeff Gutkin has a

3

motion to dismiss hearing and two depositions in a matter pending before the Central District of California, a final class settlement approval hearing in a matter before the District of Minnesota, a probable virtual mediation in a litigation in Israel, and a potential discovery dispute hearing in a matter before the Northern District of California.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on August 5, 2020 in Oakland, California.

s/Judah Lakin